Andrew Stark v. Jacob Willetts.

INSTRUCTIONS; *Misconstruction of Pleadings; Error*.   Where the court in charging the jury instructs them correctly as to the questions which they are called upon to consider and decide under the pleadings and the evidence, it does not commit an error for which the judgment will be reversed, even if it misconstrues one of the pleadings in the case, in giving such instruction.

*Error from Shawnee District Court.*

THE question presented by the record in this case is one of practice, and arises upon the alleged misconstruction of the pleadings, and the instructions thereon given to the jury.   The pleadings and instructions, material to the question determined, are set forth in the opinion.   The action was ejectment; *Willetts* had judgment, and *Stark* brings the case here for review.

---

Stark v. Willetts.

*A. L. Williams*, for the plaintiff in error:

The court instructed the jury that Stark's answer was a mere disclaimer; that it admitted the plaintiff's title and right of possession. This was clearly wrong, as a slight illustration will show. A. leases a building from B. for two years, and in two months B., the *landlord*, brings an action of ejectment for the building. Two things are necessary to B.'s recovery: first, that he has title to the property; second, that A. wrongfully keeps him out of possession to which he is entitled. The statute makes a general denial a sufficient answer to either charge; but it also makes the denial of one the admission of the other. Now, A. cannot of course deny B.'s title; so, relying upon his right as lessee, he denies that he wrongfully keeps B. out of possession. But here the court steps in and says that A.'s answer admits everything except the naked fact of possession, which A. can no more safely deny than he can his landlord's title. Is this law? The court below erred in the instruction.

*D. Brockway*, for defendant in error:

There was no error in the instructions given to the jury. There was no issue in the case except the issue as to whether the defendant kept the plaintiff out of possession of the land mentioned in the plaintiff's petition. The legal effect of the answer was that of a disclaimer, and could only affect the costs under § 587 of the code. Gen. Stat., 746.

The allegations of *title* in the plaintiff, and of the *right* of possession, were admitted by not being controverted by the answer. Code, § 128.

The language of § 596 of the code that "It shall be sufficient, in such action, if the defendant in his answer deny generally the title alleged in the petition, or that he withholds the possession, as the case may be," does not mean that a denial that the defendant withholds the *possession* shall put the *title* in issue. Such a construction would be absurd; for that section further provides that "if he deny the title of the plaintiff, possession by the defendant shall be taken as

admitted." To construe this section as contended for by the plaintiff in error would make a specific denial of the withholding of the possession, unaccompanied by any other denial or averment, a denial of the plaintiff's title, and a direct admission of the specific thing that the language of the answer denies, to-wit, the withholding of the possession. If the position of the counsel for plaintiff in error is correct, how could a defendant put the question of *possession* in issue?

The term "sufficient," in that section, must therefore mean, sufficient for the purpose to which the answer is directed and applicable—that a denial of *title* raises the question of title to the land between the plaintiff and defendant, and admits the adverse possession by the defendant; and that a denial simply that the defendant "withholds the possession," admits the title to the plaintiff and avers that the plaintiff should not sue him, or make him costs, for the reason that he has not kept the plaintiff out of the enjoyment of his land. One form of denial is "sufficient" to put in issue the title of the land; the other the costs of a suit where the title is not controverted.

The defendant then admitted that the plaintiff was the owner of the land and entitled to the possession, for the answer denied neither of these allegations. How then was there any issue except whether the defendant kept the plaintiff out of possession?

The opinion of the court was delivered by

VALENTINE, J.: Jacob Willetts, the defendant in error, commenced this action in the court below against Andrew Stark the plaintiff in error, for the purpose of recovering a certain piece of land withheld from him, as he claims, by Stark. The petition was in form an ordinary petition for the recovery of real property under article 24 of the code of civil procedure. The answer was as follows:

"And now comes the said Andrew Stark, defendant, and for an answer to the petition of said Jacob Willetts says, that he the said Stark does not unlawfully keep him the said plaintiff out of the possession of said premises in his said petition

demanded in manner and form as therein alleged, and of this he puts himself upon the country."

Two trials were had in the court below. On the second trial, which was before a jury, evidence was introduced to show that the said Stark did keep the said Willetts out of the possession of said land, and also to show the amount of damages thereby sustained by Willetts; but not a particle of evidence was introduced or offered to be introduced by either party, tending to show that Stark had any right or interest in said land or any right of possession thereto. The court charged the jury among other things as follows:

"Said plaintiff alleges that at the time of the commencement of this action, namely, October 13th, 1869, he was the owner in fee simple of said land, and entitled to the possession thereof; that said defendant Stark wrongfully kept said plaintiff out of the possession of said land, and had so kept him out of possession for one year, to the damage of said plaintiff; and this suit is brought to recover judgment for the possession of said land and said alleged damages.

"The defendant by his answer denies the keeping of the plaintiff out of the possession of the land. By thus taking issue upon and denying this single allegation in plaintiff's petition, he admits that the plaintiff was at the commencement of this action the owner of the land, and entitled to the possession thereof, and leaves for you to decide as the main issue, only the following questions: *First*, Did the defendant at the time of the commencement of this suit keep the plaintiff out of the possession of said land? *Second*, If he did, what damages did the plaintiff sustain from such withholding from him of said land by said defendant?"

The verdict of the jury was as follows: "We the jury find that the defendant does unlawfully keep said plaintiff out of the possession of said premises in manner and form as said plaintiff hath in his said petition declared, and we assess the damages of the said plaintiff by reason of the unlawful withholding thereof at the sum of $25.00."

In this court the defendant below assigns in his petition in error numerous errors of the court below; but afterwards in his brief he abandons all but one of them, and that one we shall now proceed to consider. He says in his brief that "The

court instructed the jury that this answer was a mere disclaimer; that it admitted the plaintiff's title and right of possession. This was clearly wrong." Whether this charge was wrong in the abstract we do not think we are called upon to decide. It was certainly not wrong for this case as the pleadings and the evidence then stood. Under the pleadings it is clear beyond all doubt that the plaintiff's title to the land was admitted; and title always presumptively draws to it the right of possession. Under the pleadings the defendant admitted conclusively that the title to the land was in the plaintiff, and by that admission he admitted at least *prima facie* that the plaintiff had the right of possession. Whether the defendant had the right under the pleadings to introduce evidence to show that, notwithstanding this *prima facie* presumption that the plaintiff had the right of possession to said land, still the plaintiff had no such right, we are not called upon to decide, for, as we have before said, no such evidence was introduced or offered to be introduced. The presumption of the plaintiff's right of possession remained till the close of the trial, and the court had the right to tell the jury so. Under the pleadings and the evidence the jury had only the two questions to decide which the court told them they had to decide.

For these reasons, even if the court below misconstrued the defendant's answer, and we are unable now to say that it did, still the said charge was not erroneous, for such misconstruction could not in the least affect the substantial rights of the defendant. The judgment is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.